IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DWAYNE ALLEN**                                                                               **PLAINTIFF**

**V.**                                                             **NO. 2:12CV00100-GHD-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                     **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff, Dwayne Allen, proceeding *in forma pauperis*, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the "Act") of an unfavorable decision of the Commissioner of the Social Security Administration (the "SSA"). Before the court is Defendant Commissioner of Social Security's Motion to Dismiss [# 8] for lack of subject matter jurisdiction, filed August 31, 2012. Allen did not respond to the motion within the fourteen days allowed under the Local Rules of this court. Because SSA records indicate that Allen failed to exhaust administrative remedies, this court lacks jurisdiction over the matter, and the case should be dismissed as explained more fully below.

*Standard of Review*

Federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.2d 391 (1994)). Whether a court has jurisdiction is a question the court "is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (quoting *Great. S. Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 453, 20 S. Ct. 690, 44 L. Ed. 842 (1900)).

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject-matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.,* 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1) that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.,* 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990)); *see also Clark,* 798 F.2d at 741. Accordingly, the court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia,* 104 F.3d at 1261. A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

## *Discussion*

The Social Security Act provides for district court review of the final decision of the Commissioner. Title 42 U.S.C. § 405(g) provides, in pertinent part that:

> Any individual, after any *final* decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (emphasis added). A Social Security claimant must exhaust administrative remedies before seeking review in federal court. *Sims v. Apfel,* 530 U.S. 103, 107 (2000); *see also* 20 C.F.R. §§ 404.900(a)(5), (b), 416.1400(a)(5), (b); 42 U.S.C. § 405(g) (providing for judicial review of "final" administrative decisions).

A court should not review the Commissioner's final decision unless the claimant has exhausted his administrative remedies. *See Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994). A claimant fails to exhaust his administrative remedies if he does not raise a claim of error to the Appeals Council before filing suit on that basis. *McQueen v. Apfel,* 168 F.3d 152, 155 (5th Cir. 1999). The necessity of presenting a claim to the Commissioner is jurisdictional and non-waivable. *Ellison v. Califano,* 546 F.2d 1162, 1164 (5th Cir. 1977). Exhaustion of the administrative remedies is completed upon the issuance of a final decision by the Appeals Council. *Harper v. Bowen,* 813 F.2d 737, 739 (5th Cir. 1987). Thereafter, a claimant may seek judicial review by filing a complaint in the district court. *Harper,* 813 F.2d at 730 (citing 20 C.F.R. §§ 416.1400 and 416.1481 and *Califano v. Sanders,* 430 U.S. 99, 108-09 (1977)).

Exhaustion of administrative remedies requires a claimant to:

1. Present a claim and receive an initial determination and, if dissatisfied-
2. Request reconsideration of the initial determination and, if dissatisfied-
3. Request a hearing before an administrative law judge and, if dissatisfied with the decision of the administrative law judge-
4. Request review by the Appeals Council.

20 C.F.R. § 404.900(a)(1)-(4). The Commissioner's decision is final, and the claimant may seek

federal court review only when the claimant has completed the steps of the administrative review process listed in paragraphs 1 through 4 above. *See id.* § 404.900(a)(5).

In this case Defendant has presented the Declaration of Donald V. Ortiz of the Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review of the SSA. Mr. Ortiz's declaration, along with other documentary evidence, indicates that on March 20, 2012, Allen filed a Request for Review of the Administrative Law Judge's decision with the Appeals Council and that said request is currently pending. Accordingly, Allen has not exhausted his administrative remedies. Therefore, it is my recommendation that Defendant's motion to dismiss be granted and that this case be dismissed for lack of subject matter jurisdiction.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 19th day of September, 2012.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE